381 A.2d 845

COMMONWEALTH of Pennsylvania

v.

Gary MOORE, Petitioner.

Supreme Court of Pennsylvania.

Jan. 26, 1978.

20

Barton A. Haines, Philadelphia, for petitioner.

F. Emmett Fitzpatrick, Dist. Atty., Philadelphia County, Michael R. Stiles, Asst. Dist. Atty., Chief Appeals Div., Philadelphia, for respondent.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM:

Petitioner Gary Moore was convicted of possession of an instrument of crime, 18 Pa.C.S.A. § 907 (1973). The trial court instructed the jury:

"If a person is in possession of what is conceded to be an instrument of crime, it is perfectly legitimate for a jury to

conclude that possession of that instrument carries with it the intent to employ it in a criminal manner."

Petitioner objected to this charge.

 Section 907(a) provides:

"(a) Criminal instruments generally.—A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally."

The Commonwealth must prove every element of the offense, including criminal intent, beyond a reasonable doubt. *Commonwealth v. Hardick*, 475 Pa. 475, 380 A.2d 1235 (1977). Although criminal intent can be inferred beyond a reasonable doubt from the surrounding circumstances, it cannot be inferred from mere possession. Id. Therefore, the court erred when it charged the jury that criminal intent could be inferred from mere possession of an instrument of crime. Accordingly, we grant petition for allocatur, reverse the judgment of sentence and award petitioner a new trial.