393 A.2d 967

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Robert MOORE, Jr., juvenile, Appellant.**

Superior Court of Pennsylvania.

Submitted June 12, 1978.

Decided Oct. 27, 1978.

Joseph M. Casey, Assistant Public Defender, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney and Edward G. Rendell, District Attorney, Philadelphia, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CER-
CONE, PRICE, VAN der VOORT, SPAETH and HESTER,
JJ.

HESTER, Judge:

This is an appeal from the Order of Adjudication of
Delinquency of the Court of Common Pleas, Family Court
Division, Juvenile Branch, Petition Number 5727–77–8. The
procedural history and undisputed facts relevant to the sole
issue on appeal are as follows:

Officer Thomas Wills was proceeding south on the 400
Block of Rising Run Avenue in Philadelphia on August 15,
1977 at 9:29 A.M. He observed the top portion of a knife in
appellant's waistband as appellant walked north on the east
side of the street. The knife was later described by the
officer as a "hunting type knife" eight and one half inches
long, with a five inch blade, and was unsheathed. Appel-
lant, a juvenile, was arrested and charged with Delinquency
based upon the charges of Prohibited Offensive Weapons,
and Possession of an Instrument of Crime.

A Motion to Suppress was denied on September 29, 1977,
and the testimony was incorporated at trial along with
additional testimony. Appellant's demurrer was sustained
as to the charge of Prohibited Offensive Weapons. On
October 3, 1977, appellant was adjudicated delinquent on the
charge of Possession of an Instrument of Crime. After
appellant's post trial motions were denied, he was committed
to the Glen Mills School. This timely appeal followed.

Appellant's sole argument is that evidence of possession of
a hunting knife on a public street is insufficient, without
more, to establish the criminal intent necessary to convict
him of Possession of an Instrument of Crime.

Section 907 of the Pennsylvania Crimes Code (Act of
December 6, 1972, No. 334, 18 Pa.C.S.A. 907) entitled Pos-
sessing Instruments of Crime, states, in relevant part, as
follows:

A) Criminal instruments generally.—A person commits a
misdemeanor of the first degree if he possesses any

instrument of crime with intent to employ it criminally.

B) Possession of weapon.—A person commits a misdemeanor of the first degree if he possesses a firearm or other weapon concealed upon his person with intent to employ it criminally.

C) Definitions.—As used in this section the following words and phrases shall have the meanings given to them in this subsection:

"Instrument of crime."

(1) Anything specially made or specially adapted for criminal use;  or

(2) Anything commonly used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have.

"Weapon."

(1) Anything readily capable of lethal use and possessed under circumstances not manifestly appropriate for lawful uses which it may have.  (18 Pa. C.S.A. 907).

We note that the specific section under which appellant was convicted is not specified here since appellant is a juvenile and was, therefore, adjudicated a delinquent under this section generally.  It is well established that the Commonwealth must prove each and every element of the offense beyond a reasonable doubt, and that this burden applies to a juvenile case.  *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).  Under 18 Pa.C.S.A. 907(a), the Commonwealth must prove that appellant possessed an instrument of crime with the intent to employ it criminally.  The knife possessed by the appellant is not within the purview of subsection (c)(1) due to the fact that it is not something specially made or specially adapted for criminal use.  Subsection (c)(2) further defines an instrument of crime as anything commonly used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have.

■ Although the knife possessed by appellant in this case could be something commonly used for criminal purposes, making it within the definition of an Instrument of Crime, the Commonwealth must still prove the intent to employ it criminally, and it must be proven beyond a reasonable doubt by showing more than mere possession. *Commonwealth v. Moore,* 476 Pa. 19, 381 A.2d 845 (1978). *Commonwealth v. Hardick,* 475 Pa. 475, 380 A.2d 1235 (1977). Viewing the evidence in the light most favorable to the Commonwealth, *Commonwealth v. Leonhard,* 245 Pa.Super. 116, 369 A.2d 320 (1976); *Commonwealth v. Gatto,* 236 Pa.Super. 92, 344 A.2d 566 (1975), clearly demonstrates that intent was not shown. Appellant was arrested at 9:30 A.M. on a public street in Philadelphia. He made no gestures with the knife, and the record is devoid of any proof of intent to employ it criminally. The Commonwealth relies upon the fact that the knife was not in a sheath, and that appellant wasn't in the mountains or an "appropriate" area for hunting. Appellant was walking on a public street during the daylight hours carrying a knife described by the officer himself as a hunting knife, and we can not infer criminal intent from the mere fact that the knife was unsheathed. The circumstances under which appellant was arrested are not necessarily inappropriate for lawful use of the knife. Therefore, the Commonwealth has failed to prove other than mere possession of a hunting knife. A conviction may not be sustained under 18 Pa.C.S.A. 907(a).

■ Under 18 Pa.C.S.A. 907(b), the Commonwealth must prove beyond a reasonable doubt that appellant possessed a weapon concealed upon his person with the intent to employ it criminally. (*Commonwealth v. Moore,* supra). As we have previously discussed, the Commonwealth failed to prove that appellant possessed the requisite intent to use the knife criminally. Moreover, appellant did not have the knife concealed upon his person. *Commonwealth v. McHarris,* 246 Pa.Super. 488, 371 A.2d 941 (1974). Indeed, the very reason he was arrested was the fact that the knife handle was exposed. The trial court relied upon this in denying the

Motion to Suppress based upon the "plain view doctrine". Thus, the Commonwealth failed to prove the elements required to establish a violation of 907(b).

Accordingly, the Judgment of Sentence is reversed and appellant is discharged.

PRICE, J., dissents.

HOFFMAN, J., did not participate in the consideration or decision of this case.