450 A.2d 1018

**COMMONWEALTH of Pennsylvania**

v.

**Dennis HALL, Appellant.**

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed Sept. 24, 1982.

490

Joseph M. Casey, Assistant Public Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and SPAETH and STRANAHAN, JJ.*

CERCONE, President Judge:

This is an appeal from an adjudication of delinquency and order of commitment.[1] We now reverse and discharge appellant because of insufficient evidence.

Appellant was stopped on a street in Philadelphia at approximately 3:00 a.m. on the morning of May 8, 1978 by one Officer Flynn. Appellant and a companion were briefly questioned whereupon the companion left with the officer's permission but appellant was arrested. A delinquency petition charging him with possession of an instrument of crime[2] and possession of a prohibited offensive weapon[3] was

---

* Pres. Judge John Q. Stranahan of the Court of Common Pleas of Mercer County, Pennsylvania is sitting by designation.

1. This case was reassigned to this writer on June 21, 1982.

2. 18 Pa.C.S. § 907.

3. 18 Pa.C.S. § 908.

filed against him that same day. A pre-trial hearing was held on May 23. On June 16, 1978 the juvenile court heard and denied a motion to suppress evidence. The court also held trial that day. It sustained appellant's demurrer to the charge of possession of a prohibited offensive weapon. It thereafter adjudged him delinquent on the possession of an instrument of crime. Appellant was ordered committed to the Youth Development Center at Cornwall Heights.[4] This appeal followed.

■ Appellant contends that the evidence was insufficient to show that he violated the Crimes Code section on which the delinquency adjudication was based. Section 907 "Possession of instruments of crime" reads:

(a) Criminal instruments generally.—A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally.

(b) Possession of weapon.—A person commits a misdemeanor of the first degree if he possesses a firearm or other weapon concealed upon his person with intent to employ it criminally.

(c) Definitions.—As used in this section the following words and phrases shall have the meanings given to them in this subsection:

"Instrument of crime."

(1) Anything specially made or specially adapted for criminal use; or

(2) anything commonly used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have.

"Weapon." Anything readily capable of lethal use and possessed under circumstances not manifestly appropriate for lawful uses which it may have. The term includes a firearm which is not loaded or lacks a clip or other component to render it immediately operable, and components which can readily be assembled into a weapon.

4. The order of commitment was vacated on the same day the instant appeal was filed, pending our disposition of the matter.

Because this was a delinquency petition the subsection which appellant was alleged to have violated was not set forth with specificity.[5] Appellant's contention is that the Commonwealth failed to meet its burden of proving his intent to employ the instrument of crime criminally. Of course, under *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) the burden of proving each and every element of a crime rests on the Commonwealth. The intent to employ the instrument of crime in a criminal manner is an element of both the offenses found in section 907, and must therefore have been proven by the Commonwealth beyond a reasonable doubt if the delinquency adjudication is to be affirmed.

Reading the evidence in the light most favorable to the verdict winner, the facts of the case at bar are these. At about 3:00 a.m. on the night in question Officer Flynn heard loud noises, as if someone were shouting, coming from the Raymond Rosen Project, which was but a short distance away. Upon his arrival at the scene he observed two young males shouting to a third male who was at the window in a nearby building. Officer Flynn approached the two and began to question them about their presence on the street at such a late hour. The first young man responded with his name and address and was directed to return home for violation of the curfew law when he admitted to being a juvenile. The officer then questioned the second young man, appellant, who was less cooperative. He appeared to be intoxicated and refused to supply the officer with his name and address, although he did claim to be twenty-one. Because of appellant's appearance this claim of majority appeared to be false. Officer Flynn then turned appellant around to frisk him. Upon doing so he saw protruding from appellant's rear pocket a state store price list wrapped around an ordinary steak knife. About a half an inch of the blade of that knife was exposed above the top edge of the folded price list. Appellant was immediately arrested. The question before us is whether this is enough evidence to

5. *Cf. Commonwealth v. Moore*, 259 Pa. Superior Ct. 560, 393 A.2d 967 (1978).

show that appellant intended to employ the knife criminally. Appellant has not contested the evidence's sufficiency as to any other point.

 Let us consider the question first under Section 907(a). Appellant concedes that the evidence was sufficient to show that the steak knife was an "instrument of crime." Steak knives, however, are not "specially made or specially adopted for criminal use." 18 Pa.C.S. § 907(c) ("Instrument of Crime") (1). If a steak knife were to be an instrument of crime it must be because *knives* are commonly used in crimes and possession of a knife in this instance was "under circumstances not manifestly appropriate for [its] lawful uses." 18 Pa.C.S. § 907(c) (Instruments of Crime") (2). However, the fact that the knife's possession was not manifestly appropriate for its lawful uses at the time of appellant's arrest does not relieve the Commonwealth of proving his intent to use it criminally. This must be shown beyond a reasonable doubt and by a showing of more than mere possession. See *Commonwealth v. Moore,* 259 Pa. Superior Ct. 560, 393 A.2d 967 (1978). And see *Commonwealth v. Moore,* 476 Pa. 19, 381 A.2d 845 (1978); *Commonwealth v. Hardick,* 475 Pa. 475, 380 A.2d 1235 (1977). The same can be said about section 907(b) as we have said about subsection (a). The steak knife is concededly a weapon, but mere possession is not enough to show that appellant intended to use it criminally.

In *Commonwealth v. Moore,* 259 Pa. Superior Ct. 560, 393 A.2d 967 (1978) we held that the evidence was insufficient to show that the juvenile defendant in that case had intended to use an unsheathed knife, the handle of which protruded from his waistband, in any criminal manner. There, as here, there was no attempt to use the weapon, let alone successful use of it, nor any attempt to reach for it. This is not a situation like that in *Commonwealth v. Thornton,* 494 Pa. 164, 430 A.2d 1168 (1981). In that case the defendant had a knife wrapped in newspaper concealed in his trousers which he then used to kill another young man who had been taunting him. The Court concluded there, as it has else-

where,[6] that the jury could infer from his actual criminal use of the knife that defendant had possession of it with the intent to employ it criminally. Such, however, is not the case here. It is clear that the steak knife was not actually used, and that no attempt to use it was made. Based on these facts, the court could reasonably have concluded that appellant possessed the knife under circumstances not manifestly appropriate for its lawful use. However, we do not believe that the evidence was sufficient to support the additional inference that appellant intended to employ it in a criminal manner.

Reversed and appellant discharged.

**6.** *See Commonwealth v. Keaton,* 276 Pa.Super. 518, 419 A.2d 578 (1980) (evidence which established that defendant intentionally stabbed and killed his victim was sufficient to support convictions for murder in the first degree and possession of an instrument of crime); *Commonwealth v. Cartagena,* 482 Pa. 6, 393 A.2d 350 (1978) (evidence which established that defendant intentionally stabbed and killed victim with a knife during a fight was sufficient to support convictions for voluntary manslaughter and possession of an instrument of crime); *Commonwealth v. Allen,* 466 Pa. 474, 353 A.2d 452 (1976) (evidence that, during the course of a violent domestic quarrel, defendant armed himself with a knife and, immediately thereafter, fatally stabbed his wife was sufficient to prove that he intended to employ the knife criminally).