528 A.2d 1360
**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Kenneth JONES, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 23, 1987.

Filed July 17, 1987.

58

Catherine S. Wilson, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Com., appellee.

Before ROWLEY, OLSZEWSKI and CERCONE, JJ.

OLSZEWSKI, Judge:

This is an appeal from judgment of sentence for possession of an instrument of crime, simple assault, and retail

theft. Appellant argues that he had ineffective trial counsel in that she failed to preserve for appellate review claims of: (1) insufficient evidence to prove intent for the possession and the retail theft convictions, and (2) excessiveness of sentence. Upon review, we find that the trial court correctly rejected appellant's arguments. We therefore affirm.

After waiving his right to a jury trial, appellant was tried before the Honorable Joseph D. O'Keefe of the Court of Common Pleas of Philadelphia County. Judge O'Keefe accurately summarized the Commonwealth's uncontradicted testimony as follows:

... On 2 October 1985 at approximately 1:30 in the afternoon, Defendant was found by Commonwealth's witness, Michael Hallinan, co-manager of a Thriftway, to be acting suspiciously as he leaned over the meat counter. The witness testified that Defendant was "disheveled" and not "real steady" and that although he had no cart and had already picked up a package of chicken, he picked an additional two or three pieces of roast beef out of the meat counter. (N.T. pp. 5–7). The witness testified that he followed Defendant down the aisle and by that time Defendant had already "put the meat inside his coat (which was) maybe zipped halfway up." The witness described Defendant has (sic) having "a big bulge you could see" under his coat. (N.T. p. 9). When he called to Defendant that he wanted to talk to him, Defendant said he was not talking to anybody. Mr. Hallinan then called for the other co-manager, Joe Bristow, who came running down the aisle towards them. At this point Defendant started taking the meat out and it apparently fell to the floor. (N.T. p. 10). When Mr. Hallinan told him that he wanted to talk to him about this, Defendant again said that he was not talking to anybody. He was going to go. (N.T. p. 12). He then pulled a knife out and started toward the witness with it. Mr. Hallinan testified that Defendant was trying to open it. The knife was described as being between twelve and fifteen inches long. The witness stated that before Defendant could get the knife completely opened, he and the other manager, Joe

Bristow, rushed him and the knife fell to the ground. (N.T. p. 12).

The Commonwealth also presented the testimony of Joseph Bristow who corroborated Michael Hallinan's testimony (N.T. pp. 22–26).

Trial court opinion at 3–4.

Appellant's trial counsel did not file post-trial motions and appellant was sentenced to prison terms of two and one-half to five years for possession of an instrument of crime, one to two years for simple assault, and ninety days for retail theft, the sentences to be served concurrently. Appellant subsequently filed a *pro se* petition for reconsideration, which the trial court denied, and a *pro se* appeal to this Court. Thereafter, the trial court appointed appellant new counsel.

Guiding our review of appellant's ineffectiveness claims is the following three-component analysis.

First, it is necessary to determine whether the issues not preserved were of arguable merit. *Commonwealth v. Wilkerson,* 490 Pa. 296, 416 A.2d 477 (1980). If the issues were of arguable merit, we then consider whether the course chosen by trial counsel had some reasonable basis designed to effectuate his client's interests. *Commonwealth v. Manigault,* 501 Pa. 506, 462 A.2d 239 (1983); *Commonwealth v. Burton,* 491 Pa. 13, 417 A.2d 611 (1980); *Commonwealth v. Cotton,* 338 Pa.Super. 20, 487 A.2d 830 (1984). Finally, no basis for reversal exists if trial counsel's actions were not prejudicial to the defendant. *See Commonwealth v. Pierce,* 345 Pa.Super. 324, 498 A.2d 423 (1985) (en banc); *Commonwealth v. Byers,* 349 Pa.Super. 162, 502 A.2d 1324 (1986). Counsel will not be considered ineffective for failing to preserve a baseless claim. *Commonwealth v. Giknis,* 491 Pa. 215, 420 A.2d 419 (1980); *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977).

*Commonwealth v. Dougherty,* 351 Pa.Super. 603, 608–609, 506 A.2d 936, 939 (1986). *See also Commonwealth v. Griffin,* 511 Pa. 553, 515 A.2d 865 (1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987); *Common-*

*wealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). Significantly, once we determine that the underlying issue is without merit, our inquiry ends.

Instantly, appellant contends that trial counsel was ineffective for not filing post-trial motions alleging that the evidence was insufficient to support his convictions for retail theft and possession of an instrument of crime. Specifically, appellant argues, the Commonwealth failed to establish his intent to commit these crimes. The well-established test for appellate review of a sufficiency claim is whether, viewing all the evidence received at trial in the light most favorable to the Commonwealth, and drawing all reasonable inferences favorable to the Commonwealth, there is sufficient evidence to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Griscavage,* 512 Pa. 540, 517 A.2d 1256 (1986); *Commonwealth v. Harper,* 485 Pa. 572, 403 A.2d 536 (1979).

A person is guilty of retail theft if he:

takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment *with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof;*

18 Pa.C.S. Sec. 3929(a)(1) (emphasis added). In deciding whether there is sufficient evidence of intent, we are aided by 18 Pa.C.S. Sec. 3929(c), which creates a presumption that anyone who intentionally conceals unpurchased property either on the premises or outside the premises of such store is presumed to have concealed such property with the intention of depriving the owner of its use or benefit. *Commonwealth v. McSween,* 265 Pa.Super. 458, 460, 402 A.2d 528, 529 (1979) ("This statutory presumption is an evidentiary device which may be available to assist the Commonwealth in proving an element of the offense beyond a reasonable doubt.").

■ The evidence received at trial established that appellant concealed the unpurchased meat under his coat. The

Commonwealth's witness testified that he observed appellant picking up two or three pieces of meat and that when he started following appellant down the aisle, appellant had already "put the meat inside his coat and his coat was maybe zipped halfway up." N.T. 4/7/86, 9. The witness then described appellant as having "a big bulge you could see" under his coat. N.T. 4/7/86, 9. From this testimony, the trial court could presume that appellant harbored the requisite intent.

The evidence further established that appellant refused to talk to the managers when requested to stop and that, while attempting to leave the store, appellant pulled a knife from one of his pockets and tried to open it. N.T. 4/7/86, 11–12. Drawing all reasonable inferences favorable to the Commonwealth, we conclude this evidence was more than sufficient to establish that appellant intended to deprive the store owner of the meat without paying for it.

■ In order to convict appellant of possession of an instrument of crime, the Commonwealth had to prove that he possessed the knife with an intent to employ it criminally. *Commonwealth v. Hardick,* 475 Pa. 475, 380 A.2d 1235 (1977); *Commonwealth v. Jeter,* 275 Pa.Super. 89, 418 A.2d 625 (1980). This intent need not be directly proved but may be inferred from the circumstances surrounding the incident. *Commonwealth v. Hardick, supra,* 475 Pa. at 479, 380 A.2d at 1237. Such intent, however, may not be inferred from mere possession. *Commonwealth v. Moore,* 476 Pa. 19, 381 A.2d 845 (1978); *Commonwealth v. Hall,* 304 Pa.Super. 489, 450 A.2d 1018 (1982).

■ The Commonwealth's uncontradicted evidence showed that, after refusing to stop and talk about taking the meat, appellant pulled a knife from his pocket and began opening it as he approached one of the store managers. Before he could get the knife completely open, the managers rushed him and knocked it out of his hand. N.T. 4/7/86, 11–12. Again drawing all reasonable inferences favorable to the Commonwealth, we find that this evidence was sufficient for the trial court to conclude that appellant

intended to employ the knife criminally. Because appellant's insufficiency claims are without merit, his trial counsel was not ineffective in failing to file post-verdict motions raising them.

Appellant next contends that trial counsel was ineffective for neglecting to file a motion to modify sentence so that appellant's sentencing claim would be properly preserved for our review. Underlying this contention is appellant's assertion that, because of his alcohol problem and his remorse at sentencing, his sentence for possession of an instrument of crime, the statutory maximum, was unduly harsh.[1]

Preliminarily, we observe that this issue involves a discretionary aspect of the trial court's sentence and that appellant has raised it both directly and in the context of an ineffectiveness claim. In *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), our Supreme Court mandated that a party appealing the discretionary aspects of a sentence comply with Pa.R.A.P. 2119(f)'s requirement that he set forth a "concise statement of the reasons relied upon for allowance of appeal." The Court explained that this rule was promulgated to implement 42 Pa.C.S.A. Sec. 9781(b), which provides that:

> The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter.

*Id.* *See also* Note accompanying Pa.R.A.P. 902 (providing that a notice of appeal under that rule operates as a "petition for allowance of appeal" under the Sentencing Code and commenting that the filing of the "petition for

---

1. Appellant also argues that his sentence is excessive because there is no evidence of his intent to use the knife. We have just concluded, however, that the record includes sufficient evidence to show that appellant possessed the knife with the requisite criminal intent.

64

allowance of appeal" is deferred by the rules until the briefing stage, "where the question of the appropriateness of the discretionary aspects of the sentence may be briefed and argued in the usual manner.").

■ Appellant's brief does not contain the Rule 2119(f) statement. This omission normally would preclude our review of appellant's excessiveness issue, applying our Supreme Court's decision in *Tuladziecki*. We are unable to discern anything in the language of *Tuladziecki*, however, requiring that we apply its holding to claims raising prior counsel's ineffectiveness. Such claims request review of prior counsel's representation, which implicates a federal sixth amendment constitutional issue. We therefore believe that, notwithstanding appellant's failure to comply with *Tuladziecki*, we may consider whether appellant's underlying sentencing issue has "arguable merit" within the context of his ineffectiveness claim.

Turning to the merits of that claim, we note that sentencing is a matter within the sound discretion of the trial court. *Commonwealth v. Simpson*, 353 Pa.Super. 474, 510 A.2d 760 (1986), *allocatur denied*, 514 Pa. 624, 522 A.2d 49 (1987). The sentence imposed is normally left undisturbed on appeal because the trial court is in a far better position to weigh the factors involved in such a decision. *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976). In choosing an appropriate sentence, however, the trial court must consider and evaluate a variety of factors, guided by the sentencing guidelines as well as general principles set forth in the Sentencing Code, 42 Pa.C.S. Sec. 9701, *et seq.*

■ We have reviewed the record and are satisfied that the trial court adequately discharged its sentencing responsibilities. We observe that the sentence imposed falls within the sentencing guidelines. Additionally, the record shows that the trial court considered appellant's alleged mitigating factors. At sentencing, the court carefully reviewed appellant's presentence report, including information on appellant's long-term abuse of drugs and alcohol. N.T. 8/7/86, 6–9. Importantly, the court noted that, in spite of numerous opportunities to correct his problems,

appellant "has just not learned." N.T. 8/7/86, 12. Citing appellant's extensive prior record, which includes, *inter alia*, convictions for burglary, rape, and possession of a dangerous weapon, the court concluded that appellant is an incurable recidivist.[2] N.T. 8/7/86, 11. The sentencing court did not abuse its discretion. Accordingly, appellant's trial counsel was not ineffective for choosing not to file a motion to modify sentence.[3]

Judgment of sentence affirmed.

ROWLEY, J., concurs in the result.

2. According to appellant's presentence report, appellant had been arrested eighteen times, convicted twelve times, incarcerated nine times, and had violated his probation five times. N.T. 8/7/86, 6–7. At the time of sentencing, appellant was in violation of parole from Kansas and in violation of probation from New York.

3. The trial court states that this issue is without merit because appellant filed a *pro se* petition to modify sentence. We do not rely on this fact in disposing of this issue because appellant's petition was filed late. *See* Pa.R.Crim.P. 1410. As a result, this petition did not necessarily preserve appellant's sentencing claims for our review. *See Commonwealth v. Dumas*, 299 Pa.Super. 335, 445 A.2d 782 (1982) (sentencing issue waived where appellant failed to comply with Pa.R. Crim.P. 1410, which requires that a motion to modify sentence be filed within ten days of imposition of sentence). *See also Commonwealth v. Gregory*, 309 Pa.Super. 529, 455 A.2d 1210 (1983) (a violation of the time requirements of Pa.R.Crim.P. 1123(a) will work a waiver on appeal notwithstanding the trial court having treated a tardily filed post-verdict motion on its merits).