In the Interest of A.V., A Minor.

Appeal of A.V., A Minor.

Superior Court of Pennsylvania.

Argued March 13, 2012.

Filed April 2, 2012.

Andrea L. Haynes, Harrisburg, for appellant.

Chase M. DeFelice, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

BEFORE: STEVENS, P.J., PANELLA, J., and MUNDY, J.

OPINION BY STEVENS, P.J.:

This is an appeal from the dispositional order entered by the Court of Common Pleas of Dauphin County following A.V.'s adjudication of delinquency based on charges of possession of an instrument of crime.[1]  Appellant challenges the sufficiency of the evidence supporting his adjudication of delinquency.  As we conclude the trial court erred in adjudicating Appellant delinquent, we vacate the dispositional order entered in this matter.

1. 18 Pa.C.S.A. § 907.

The juvenile court aptly summarized the factual background of this case as follows:

[A.V.] was on formal probation prior to his most recent juvenile charges. [A.V.] was released from the Abraxas Day Treatment Program upon conditions set by the Court that he was to abide by a 7:00 p.m. curfew, be confined to house arrest, and complete community service. Upon his release from Abraxas[, A.V.] was placed on house arrest on May 2, 2011. The terms of [A.V.'s] house arrest dictated that [A.V.] was not to be anywhere outside of his house when he was not in school.

On May 6, 2011, [A.V.'s] Juvenile Probation Officer, Hector Blanco (Officer Blanco) was on patrol with the Steelton Police Department [Officer Joseph Conjar] for the Steelton Probation Police partnership.... As Officer Blanco and Officer Conjar were driving down the 900 block of Wood Street in a Steelton Police vehicle around 7:00 p.m., Officer Blanco observed [A.V.] running down the street. Officer Blanco got out of the vehicle and instructed [A.V.] to approach the vehicle and [A.V.] complied. Officer Blanco then proceeded to question [A.V.] why he was not abiding by the Court's order for house arrest. [A.V.] responded by indicating that he did not think he should be on house arrest. Officer Blanco then conducted a pat down search of [A.V.'s] person and proceeded to reach in [A.V.'s] left front pocket [ ] ... and pulled out what appeared to be four (4) $20 bills in [A.V.'s] pockets. However, upon closer inspection, Officer Blanco found that he was able to pull the individual bills apart and that there was white paper in between the two sides of each $20 bill. Officer Blanco then confiscated the four counterfeit $20 bills and give them to Officer Conjar. When Officer Conjar confronted [A.V.] with the counterfeit $20 bills, [A.V.] indicated that he had found the bills in the bathroom at school.

Trial Court Opinion (T.C.O.), 10/5/11, at 2–3 (citations omitted).

On July 21, 2011, A.V. was adjudicated delinquent on the charge of possessing an instrument of crime. On August 8, 2011, the lower court entered a dispositional order placing A.V. in boot camp for 60 days where the juvenile court would review A.V.'s progress to determine whether A.V. should serve the full disposition of 120 days of boot camp. A.V. filed a Post–Dispositional Motion, which the juvenile court denied on August 17, 2011. A.V. filed this timely appeal and complied with the juvenile court's directions to file a concise statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

A.V. raises one issue for our review on appeal:

WAS THE EVIDENCE AT TRIAL INSUFFICIENT TO SUSTAIN [A.V.'s] ADJUDICATION FOR THE CHARGE OF POSSESSION OF AN INSTRUMENT OF CRIME WHERE THE JUVENILE DID NOT USE OR ATTEMPT TO USE FAKE MONEY TO COMMIT A CRIME, AND WHERE [A.V.] DID NOT POSSESS THE FAKE MONEY FOR AN ILLEGAL PURPOSE?

A.V.'s Brief, at 4.

In evaluating a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, our standard of review is as follows:

When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof beyond a reasonable doubt. When considering a challenge to the sufficiency of the evidence following an

adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth.

In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth, and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.

The facts and circumstances established by the Commonwealth need not be absolutely incompatible with a defendant's innocence. Questions of doubt are for the hearing judge, unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth.

*In re M.J.H.*, 988 A.2d 694, 696–97 (Pa.Super.2010) (citation omitted).

■ A juvenile may be adjudicated delinquent of possessing an instrument of crime (PIC) if "he possesses any instrument of crime with intent to employ it criminally." 18 Pa.C.S.A. § 907(a). As a result, the Commonwealth has the burden of proving two elements: (1) possession of an object that is an instrument of crime and (2) intent to use the object for a criminal purpose. *In re A.C.*, 763 A.2d 889, 890 (Pa.Super.2000). The Crimes Code defines an "instrument of crime" as "(1) [a]nything specially made or specially adapted for criminal use [or] (2) [a]nything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." 18 Pa.C.S.A. § 907.

■ A.V. first challenges the trial court's finding that the counterfeit bills constituted instruments of crime, alleging that it was immediately apparent to the officers that the money was fake and looked like "Monopoly money." A.V.'s brief at 9. However, in weighing the evidence, the trial court determined the money A.V. possessed actually resembled $20.00 bills of U.S. currency, which the officers discovered were counterfeit only upon closer examination. N.T., 7/21/11, at 15–16. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record. *Commonwealth v. Ratushny*, 17 A.3d 1269, 1272 (Pa.Super.2011) (citations omitted).

In light of this conclusion, we agree that the counterfeit bills were made for criminal use as the counterfeit bills resembled legitimate U.S. currency and could be illegally exchanged in a transaction, which would constitute forgery and theft by deception. As a result, the Commonwealth presented sufficient evidence to show that Appellant possessed an instrument of crime.

■ Nevertheless, we find merit in A.V.'s second claim that the Commonwealth failed to show his *intent* to employ the bills criminally. Our Supreme Court has held that an "actor's criminal purpose . . . provides the touchstone of his liability for possessing an instrument of crime. Such purpose may be inferred from the circumstances surrounding the possession." *Commonwealth v. Andrews*, 564 Pa. 321, 337, 768 A.2d 309, 317–18 (2001) (citations and quotation marks omitted). Our courts have emphasized that mere possession of an instrument of crime, standing alone, cannot support an inference that the defendant intended to use

the instrument of crime for a criminal purpose. *Commonwealth v. Hardick*, 475 Pa. 475, 479, 380 A.2d 1235, 1237 (1977) (providing that "proof of intent requires more than possession"); *Commonwealth v. Foster*, 438 Pa.Super. 40, 651 A.2d 163, 165 (1994) (stating "[a]lthough criminal intent can be inferred beyond a reasonable doubt from the surrounding circumstances, it cannot be inferred from mere possession").

In a similar case, *In re A.C.*, a juvenile challenged her PIC adjudication for carrying an unsheathed six-inch kitchen knife in her pocket. *In re A.C.*, 763 A.2d at 890. The trial court concluded that A.C. must have intended to use the weapon for an assault as she "endured the discomfort of the weapon" in her pocket. *Id.* at 891. Rejecting the trial court's reasoning, this Court vacated A.C.'s adjudication and provided the following rationale:

> [m]ere possession of a weapon, however uncomfortable, cannot support a permissible inference that Appellant intended to employ the knife for a criminal purpose. Moreover, the mere fact of carrying a potentially uncomfortable weapon did not constitute sufficient 'other evidence' to prove that Appellant possessed the requisite intent to employ the weapon criminally.

*Id.* at 891–92.

Likewise, in this case, we cannot agree with the trial court's finding that A.V.'s mere possession of counterfeit money showed his intent to use the bills for a criminal purpose simply because there is "no lawful use" for counterfeit bills. T.C.O. at 4. If we were to accept this conclusion, any citizen who possesses counterfeit money after finding or receiving the bills in a transaction would be subject to criminal prosecution for possessing an instrument of crime regardless of whether they intended to employ the bills criminally or even knew the bills were counterfeit.

The fact that counterfeit money has no lawful use supports its classification as an instrument of crime, but does not relieve the Commonwealth of its burden to prove an actor's intent to use the counterfeit money for a criminal purpose beyond a reasonable doubt.

Moreover, we find error in the trial court's assertion that it "could reasonably infer that [A.V.] intended to employ the counterfeit bills criminally when Officer Blanco observed [A.V.] violating the terms of his probation by being outside of his house after school." T.C.O. at 4. Although A.V.'s intentional disregard of his house arrest may support the revocation of his probation, this violation is wholly unrelated to the PIC charge and does not prove A.V. intended to employ the counterfeit bills criminally. There is no evidence in the record showing A.V. attempted to place the counterfeit money in circulation or was in a position to do so. A.V. explained that he found the money in his school's bathroom and did not give the officers any indication that he intended to use the money for a criminal purpose. As a result, we find there was insufficient evidence to show A.V. possessed the counterfeit bills with intent to employ it criminally. Therefore, we are constrained to reverse the adjudication of delinquency and vacate the dispositional order entered in this matter.

Dispositional order vacated. Jurisdiction relinquished.