J-A13008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GREGORY EDWARDS | |
| Appellant | No. 158 EDA 2016 |

Appeal from the Judgment of Sentence November 30, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002593-2015

BEFORE: LAZARUS, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED OCTOBER 23, 2017**

Gregory Edwards appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after he was convicted in a nonjury trial of retail theft,[1] simple assault,[2] reckless endangerment ("REAP"),[3] terroristic threats[4] and possession of an instrument of crime ("PIC").[5] Upon careful review, we affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3929(a)(1).

[2] 18 Pa.C.S.A. § 2701(a).

[3] 18 Pa.C.S.A. § 2705.

[4] 18 Pa.C.S.A. § 2706(a)(1).

[5] 18 Pa.C.S.A. § 907(a).

The trial court set forth the facts of this case as follows:

On January 25, 2014, at about 2:45 p.m., James Tchokogoue was working at a CVS store located at 2400 Aramingo Avenue in Philadelphia as a loss prevention agent when he saw [Edwards] pick up two [Nicorettes], a smoking cessation product, and conceal them inside his coat. [Edwards] then walked past the checkout aisles and was about to leave the store when Mr. Tchokogoue approached [him] and told him that he had to come with him. [Edwards] refused to return the items he took and to come back into the store.

The manager of the store approached soon thereafter and said that he was calling 911 at which time [Edwards] said, "Don't touch me," and that he had HIV and a needle. [Edwards] then crouched down in an aggressive stance and put his arms up. The manager grabbed [Edwards'] arm and both men began pushing and shoving one another. Fearing for the manager's life, Mr. Tchokogoue grabbed [Edwards] and took him to the ground where[,] with the help of the store's assistant manager, Mr. Tchokogoue managed to keep [Edwards] under control.

While on the ground, [Edwards] said in a threatening manner that he had a knife up his sleeve as he attempted to get back on his feet. Mr. Tchokogoue observed that [Edwards'] left arm was hidden under his body so he grabbed [Edwards'] arm and removed a knife from his left jacket sleeve and tossed it to the side. The police arrived shortly thereafter and took [Edwards] into custody.

Trial Court Opinion, 6/2/16, at 2 (citations to record omitted).

On September 8, 2015, the Honorable Daniel D. McCaffery found Edwards guilty of the above offenses and, on November 30, 2015, sentenced him to an aggregate term of 11½ to 23 months' incarceration followed by five months of probation. Edwards filed a motion for reconsideration of sentence, which was denied. This timely appeal follows, in which Edwards

challenges the sufficiency of the evidence as to all of his convictions except for retail theft.

We are guided by the following standard of review when presented with a challenge to the sufficiency of the evidence:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, the fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Franklin*, 69 A.3d 719, 722–23 (Pa. Super. 2013), quoting *Commonwealth v. Pettyjohn*, 64 A.3d 1072 (Pa. Super. 2013) (citations and quotation marks omitted).

Edwards challenges his convictions for simple assault, REAP, terroristic threats, and PIC. Simple assault is defined, in relevant part, as follows:

(a) Offense defined.-- Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:

(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another; [or]

. . .

(3) attempts by physical menace to put another in fear of imminent serious bodily injury[.]

18 Pa.C.S.A. § 2701(a)(1). In the context of an assault, an attempt is established when "the accused intentionally acts in a manner which constitutes a substantial or significant step toward perpetrating serious bodily injury upon another." **Commonwealth v. Lopez**, 654 A.2d 1150, 1154 (Pa. Super. 1995) (citations omitted).

Edwards argues that the Commonwealth presented no evidence of either actual bodily injury or an attempt to cause bodily injury. Rather, he asserts that he "simply resisted being dragged away or being brought to the ground," which is insufficient to prove an attempt to cause bodily injury. Edwards cites to this Court's decision in **Commonwealth v. Wertelet**, 696 A.2d 206 (Pa. Super. 1997), in which we held that the physical acts of resistance by the defendant while being placed under arrest did not rise to the level of an aggravated assault of a police officer under section 2702(a)(3). Edwards' reliance on **Wertelet** is inapt. There, the defendant kicked an officer in the shin while resisting arrest. The Court concluded the resulting impact on the officer did not rise to the level of "bodily injury" as contemplated by section 2703 because it did not amount to a "physical

- 4 -

event unlike those commonly occurring in normal life which, although unpleasant and somewhat painful, do not seriously interrupt one's daily life." *Id.* at 210. Conversely, here, Edwards was – by his own admission – in possession of a knife, which the evidence shows he was attempting to retrieve from his sleeve.[6] In addition, while he was engaged in a physical struggle with the store manager, Edwards stated that he was HIV positive and was in possession of a needle, and told store employees "don't touch me." N.T. Trial, 9/18/15, at 22. This evidence was sufficient to

---

[6] The store's loss prevention officer, James Tchokogoue, testified as follows:

> Q: Okay. When the defendant – after the defendant . . . began struggling with the manager, what, if anything, were you doing at that particular time?
>
> A: Well, at that time, I saw them fighting, so I decided I was in fear for the store manager's life, so I took control of him and I put him down to the ground.
>
> Then me – and the assistant manager came over and we restrained him to the ground. At that point, the defendant said that he had a knife coming out of his sleeve. He said it in a threatening manner. He started trying to push up from the ground, but we kept him down there.
>
> . . .
>
> Q: Okay. And what is the defendant doing as you have him held down with your knee?
>
> A: He's – his left arm is going underneath his – on his chest so he's leaning on his left arm. I assumed that was the arm that had the knife in, so I was in fear of my life even more.

N.T. Trial, 9/18/15, at 23-24.

demonstrate that Edwards either attempted to cause bodily injury or attempted by physical menace to put another in fear of imminent serious bodily injury. *See Commonwealth v. Hudgens*, 582 A.2d 1352, 1357 (Pa. Super. 1990) (sustaining conviction for simple assault where defendant verbally threatened to get victim, wielded sword in close proximity to victim's body, and victim was visibly frightened). Accordingly, the trial court did not err in finding Edwards guilty of simple assault.

Edwards also challenges his conviction for REAP. A person commits the offense of REAP if he "recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705. A person acts recklessly when he:

> consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S.A. § 302(b)(3). To sustain a conviction for REAP, "the Commonwealth must prove that the defendant had an actual present ability to inflict harm and not merely the apparent ability to do so. Danger, not merely the apprehension of danger, must be created." *Commonwealth v. Cianci*, 130 A.3d 780, 782 (Pa. Super. 2015), quoting *Commonwealth v. Hopkins*, 747 A.2d 910, 915 (Pa. Super. 2000) (internal citation omitted). However, the defendant's conduct need not result in actual injury. *See, e.g.*, *Commonwealth v. Rahman*, 75 A.3d 497, 502-03 (Pa. Super. 2013)

(REAP conviction sustained where defendant threw punches at officer on crowded balcony stairwell next to glass divide, which actions "easily could have caused [the officer] to lose his footing and fall down the stairs near the edge of the fourth floor balcony.").

Edwards argues that "none of the evidence at trial shows any conduct that put any person in danger of serious bodily injury or death," and that he merely "resisted and passively struggled while being detained."  Brief of Appellant, at 10.  He further asserts that merely carrying a concealed knife, while never brandishing or using it, does not amount to reckless endangerment.  We disagree.

Viewed in the light most favorable to the Commonwealth as verdict winner, *Franklin*, *supra*, we find the evidence sufficient to support a verdict of guilty as to the charge of REAP.  After taking an "aggressive stance" toward store employees, an "agitated" Edwards engaged in a pushing and shoving match with the store's manager, all while concealing a knife in his left shirt sleeve.  N.T. Trial, 9/18/15, at 21-22.  When the employees managed to restrain him on the ground, Edwards announced that he possessed a knife and began trying to push himself up with his left arm, where he was concealing the knife.  *Id.* at 22-23.  By the time James Tchokogoue saw and was able to grab the knife, it was sticking out of Edwards' left shirt sleeve.  *Id.* at 24.  Had Tchokogoue not seen and been able to dispose of the knife, Edwards' conduct could have resulted in serious injury to either of the employees who were in close proximity to him,

attempting to subdue him. *See Rahman*, *supra*; *Commonwealth v. Mitchell*, 554 A.2d 542 (Pa. Super. 1989) (REAP proven where, during struggle, defendant unsnapped officer's holster so that gun could easily be removed; Court found "[t]here was the very strong possibility that the revolver could discharge, injuring [the officer]").

Next, Edwards challenges his conviction for terroristic threats. A person commits the crime of terroristic threats he "communicates, either directly or indirectly, a threat to . . . commit any crime of violence with intent to terrorize another[.]" 18 Pa.C.S.A. § 2706(a)(1). In order to sustain a conviction under this section, the Commonwealth must prove that: 1) the defendant made a threat to commit a crime of violence, and 2) the threat was communicated with the intent to terrorize another or with reckless disregard for the risk of causing terror. *Commonwealth v. Sinnott*, 976 A.2d 1184, 1188 (Pa. Super. 2009); *Commonwealth v. Tizer*, 684 A.2d 597, 600 (Pa. Super. 1996). An express or specific threat is not necessary to sustain a conviction for terroristic threats. *Commonwealth v. Reynolds*, 835 A.2d 720 (Pa.Super. 2003). Consequently, "[i]t is unnecessary for an individual to specifically articulate the crime of violence which he or she intends to commit where the type of crime may be inferred from the nature of the statement and the context and circumstances surrounding the utterance of the statement." *Commonwealth v. Martinez*, 153 A.3d 1025, 1028 (Pa. Super. 2016), quoting *Commonwealth v. Sinnott*, 976 A.2d 1184, 1187–88 (Pa. Super.

2009), *aff'd in part and rev'd in part*, 30 A.3d 1105 (Pa. 2011). Moreover, "[n]either the ability to carry out the threat, nor a belief by the person threatened that the threat will be carried out, is an element of the offense." ***Commonwealth v. Reynolds***, 835 A.2d 720, 730 (Pa. Super. 2003), quoting ***In re J.H.***, 797 A.2d 260, 262 (Pa. Super. 2002). Rather, "the harm sought to be prevented by the statute is the psychological distress that follows from an invasion of another's sense of personal security[.]" ***Commonwealth v. Martinez***, 153 A.3d 1025, 1029 (Pa. Super. 2016), quoting ***In re B.R.***, 732 A.2d 633, 636 (Pa. Super. 1999).

Here, Edwards claims that "the only thing that could possibly be construed as a threat . . . was his statement about being HIV positive and possessing needles." Brief of Appellant, at 13. He asserts that this statement arose in the heat of the moment and did not contain any explicit threats. In support of his argument, Edwards cites to a line of cases holding that spur-of-the-moment threats resulting from transitory anger, made without settled purpose to terrorize, do not constitute terroristic threats as contemplated by the statute. ***See*** Brief of Appellant, at 13, citing ***Commonwealth v. Anneski***, 525 A.2d 373 (Pa. Super. 1987) (terroristic threats conviction reversed on weight of evidence claim where defendant spoke in anger, in heated argument, believing her child had been struck by complainant's automobile, because she feared for future safety of her children; exchange of threats made during heated, perhaps hysterical, argument between neighbors not type of conduct criminalized by section

- 9 -

2706); **_Commonwealth v. Kidd_**, 442 A.2d 826 (Pa. Super. 1982) (terroristic threats conviction reversed where agitated, angry and inebriated defendant repeatedly shouted obscenities and generally screamed and shouted at officers, threatening he was going to kill them, machine gun them, if given chance; Court concluded conduct expressed transitory anger rather than settled purpose to carry out threat or terrorize officers); **_Commonwealth v. Sullivan_**, 409 A.2d 888 (Pa. Super. 1979) (conviction for terroristic threats reversed where defendant uttered one threat over telephone in agitated and angry state, with no evidence demonstrating intention of carrying threat out threat, and second threat was emotional product of chance meeting with sheriff that became "mouth battle," with similarly no evidence of intent to carry out threat); 18 Pa.C.S.A. § 2706, comment ("purpose [of statute] is to impose criminal liability on persons who make threats which seriously impair personal security or public convenience.  It is not intended . . .  to penalize mere spur-of-the-moment threats which result from anger.").  Under the facts of this case, we find Edwards' argument unavailing.

Here, when Edwards was first approached by the store employees, he told them that he had HIV and was in possession of a needle.  Based upon the totality of the circumstances present at the time, **_Martinez_**, **_supra_**, the finder of fact could reasonably have inferred that Edwards was threatening the employees with HIV infection in an attempt to terrorize them, thus enabling him to escape.  When the employees did not let him go, Edwards

told them that he was armed with a knife. Again, the finder of fact could reasonably have found this statement to be a threat intended to terrorize the employees into letting him go. Accordingly, Edwards is entitled to no relief.

Finally, Edwards challenges his conviction for PIC. A person commits the offense of PIC if he "possesses any instrument of crime with intent to employ it criminally." 18 Pa.C.S.A. § 907(a). An "instrument of crime" is defined as "[a]nything specially made or specially adapted for criminal use" or "[a]nything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." 18 Pa.C.S.A. § 907(d). An "actor's criminal purpose provides the touchstone of his liability for possessing an instrument of crime. Such purpose may be inferred from the circumstances surrounding the possession." *In re A.V.*, 48 A.3d 1251, 1253 (Pa. Super. 2012), quoting *Commonwealth v. Andrews*, 768 A.2d 309, 317–18 (Pa. 2001).

Edwards claims that, while he did possess a knife, the evidence does not show that he intended to use it criminally. As this Court has repeatedly held that mere possession of a weapon is insufficient to support a conviction for PIC, he asserts that his conviction should be reversed. We disagree.

Here, Edwards was in possession of a knife, concealed in his sleeve where it would be readily accessible, while he committed retail theft. Based on these facts alone, the finder of fact could reasonably infer that Edwards brought the weapon to assist him either in committing the theft or in fleeing

in the event he was detected. Indeed, when Edwards was ultimately confronted by store employees, he did just that by stating that he had a knife in an effort to free himself from being further detained by them.

Edwards relies on **Commonwealth v. Moore**, 393 A.2d 967 (Pa. Super. 1978), and **Commonwealth v. Hall**, 450 A.2d 1018 (Pa. Super. 1982), which he claims are "directly on point." They are not. In both of those cases, juveniles were adjudicated delinquent for PIC for simply possessing knives, with no evidence supporting even an inference of intent to employ the weapons criminally. In both of those cases, this Court properly held that mere possession of a weapon, even under circumstances in which the possession of the weapon is not manifestly appropriate for lawful use, does not relieve the Commonwealth of its burden of proving intent to employ it in a criminal manner. Conversely, here, the Commonwealth presented evidence from which the finder of fact could have inferred Edwards intended to use the knife for criminal purposes, i.e., to assist him in committing retail theft. **In re A.V.**, **supra**. Accordingly, he is entitled to no relief.

Judgment of sentence affirmed.

Judge Ott joins this Memorandum.

Justice Fitzgerald files a Concurring and Dissenting Statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/23/2017</u>