J. A10008/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ERIC MARCED, | : | |
| APPELLANT | : | |
| | : | |
| | : | No. 2261 EDA 2014 |

Appeal from the Judgment of Sentence July 10, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005207-2013

BEFORE: DUBOW, J., SOLANO, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                          **FILED JULY 24, 2017**

Appellant, Eric Marced, appeals from the July 10, 2014 Judgment of Sentence entered by the Court of Common Pleas of Philadelphia County following his conviction of Possessing Instruments of Crime ("PIC") and Recklessly Endangering Another Person ("REAP") following a bench trial.[1] After careful review, we conclude that the Commonwealth failed to disprove that Appellant was acting in self-defense during the fight, and thus, did not prove that Appellant had the *mens rea* of recklessness, a required element of REAP. Accordingly, we reverse in part, affirm in part, vacate the Judgment of Sentence, and remand for resentencing.

---

[1] 18 Pa.C.S. § 907(a) and 18 Pa.C.S. § 2705, respectively.

The underlying facts are not in dispute. The trial court summarized the factual history as follows:

On January 1, 2013, at approximately 8:10 P.M., Officer Dwayne Johnson (hereinafter "[Officer] Johnson") was working as a correction officer at the Philadelphia Industrial Correctional Center on cell block G1. [Officer] Johnson was working with his partner, Officer Gibson. [Officer] Johnson was sitting behind a desk when he heard a commotion. Two inmates were engaged in a physical altercation. The two inmates were swinging at each other with closed fists, two homemade knives with a closed fist sharpened at the edge. In prison, these homemade knives are called shanks.

When [Officer] Johnson stood up there were 100 inmates circled around the two inmates that were fighting, Anthony Harrison [("Harrison")] and Appellant. [Officer] Johnson ran over to the fight and found the inmates wrestling with each other side-by-side swinging closed fists at each other. The other inmate involved in the fight, [Harrison], was bleeding from the back of his head. Both [] Appellant and the other inmate, [Harrison,] were taken to the medic. [Officer] Johnson did not notice any injury on [] Appellant. Counsel stipulated to the introduction of medical records of [Harrison,] who was transported from PICC on January 1, 2013[,] to Aria Health Hospital and was treated there for a stab wound and released on January 4, 2013.

Trial Court Opinion, filed 3/22/16, at 2-3.

Appellant was charged with PIC, REAP, and related offenses. After a bench trial, the trial court found Appellant guilty of PIC and REAP and subsequently sentenced him to term of eighteen to thirty-six months' incarceration followed by two years of probation for the PIC conviction and a concurrent two years of probation for the REAP conviction. [2]

---

[2] The trial court acquitted Appellant of Aggravated Assault and Simple Assault charges. 18 Pa.C.S. § 2702 and 18 Pa.C.S. § 2701, respectively.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal: "Was not the evidence insufficient to support [A]ppellant's convictions for [REAP] and [PIC]"? Appellant's Brief at 3.

Our standard of review for sufficiency of evidence claims is well settled:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000) (internal citations omitted).

**Recklessly Endangering Another Person**

Appellant argues that the trial court erred in convicting him of REAP because the Commonwealth failed to disprove that Appellant acted in self-defense, and acting in self-defense negates the required *mens rea* of recklessness. Appellant's Brief at 8. We agree.

A person is guilty of REAP if "he recklessly engages in conduct which places or may place another person in danger of death or serious bodily

injury." 18 Pa.C.S. § 2705. The crime of REAP requires the Commonwealth to prove: (1) a *mens rea* of recklessness, or conscious disregard of a known risk of death or great bodily harm to another, (2) a physical act, (3) causation, and (4) the achievement of a particular result, namely danger to another person of death or serious bodily injury. ***Commonwealth v. Reynolds***, 835 A.2d 720, 727 (Pa. Super. 2003).

Our Supreme Court has held that a claim of self-defense, if believed by the fact-finder, negates any *mens rea* of recklessness. ***Commonwealth v. Fowlin***, 710 A.2d 1130, 1132-33 (Pa. 1998); ***Commonwealth v. Hilbert***, 382 A.2d 724, 731 (Pa. 1978). A fact-finder cannot find that a defendant justifiably acted in self-defense and simultaneously hold the defendant criminally liable for crimes involving recklessness. ***Fowlin, supra*** at 1132.

When one employs deadly force, as Appellant did instantly, the elements of a claim of self-defense are that the individual 1) reasonably believed that force was necessary to protect himself against death or serious bodily injury; 2) was free from fault in provoking the use of force against him; and 3) did not violate any duty to retreat. ***Commonwealth v. Mouzon***, 53 A.3d 738, 740 (Pa. 2012); ***see also*** 18 Pa.C.S § 505(b)(2).

A defendant does not have a burden to prove a claim of self-defense. ***Commonwealth v. Torres***, 766 A.2d 342, 345 (Pa. 2001). Rather, the burden is on the Commonwealth to disprove the defense of self-defense. ***Id.*** Once a party introduces some evidence to justify a finding of self-

defense, then the issue is properly before the fact-finder and the Commonwealth bears the burden to disprove the defense beyond a reasonable doubt. *Id.*

In this case, we conclude that Officer Johnson's testimony – that he observed Harrison swinging a shank at Appellant and that he did not witness who initiated the fight – provided "some evidence" to support a finding of self-defense. *See id*. If Harrison provoked the fight, Appellant could have reasonably believed that force was necessary to protect himself.

Once the issue of self-defense was before the fact-finder, it was the Commonwealth's burden to disprove the defense beyond a reasonable doubt. *See id*. The Commonwealth failed to present any evidence as to whether it was reasonable for Appellant to use a shank to protect himself, who initiated the fight, or whether Appellant could have retreated without using a shank. *See Mouzon, supra* at 740. The Commonwealth did not present testimony from Harrison or testimony from any of the 100 inmates that encircled Appellant and Harrison during the fight. After considering the only evidence that the Commonwealth presented – Officer Johnson's testimony and Harrison's medical records – the trial court stated on the record, "What I am hearing is there a [*sic*] fight, I don't know who started it. I have no idea. I can't say it is mutual combat . . . " N.T., 1/16/14, at 20. After a review of the evidence in the light most favorable to the Commonwealth, we agree with Appellant that the Commonwealth failed to

disprove beyond a reasonable doubt that Appellant acted in self-defense. ***See, e.g., Torres, supra*** at 345 (concluding that the Commonwealth failed to produce sufficient evidence to disprove claim of self-defense where the evidence established that an altercation occurred between two individuals, but the Commonwealth failed to present evidence about how the fight started, a motive for using force other than self-defense, and physical evidence to disprove self-defense).

Because the Commonwealth failed to disprove that Appellant acted in self-defense, there was not sufficient evidence to prove that Appellant had the required *mens rea* of recklessness. Thus, the trial court should not have found Appellant liable for REAP.

We note that in support of its REAP finding, the trial court puts forth a separate argument that Appellant was acting recklessly not only during the fight, but also prior to the fight by possessing the shank and bringing it to a fight in prison. Trial Court Opinion, filed 3/22/17, at 6. We disagree that this analysis supports a finding of recklessness needed to prove REAP.

A conviction for REAP requires the Commonwealth to prove the achievement of a particular result, namely danger to another person of death or serious bodily injury. ***See Reynolds, supra*** at 727-28. Actual danger must be created, not merely "the apprehension of danger[.]" ***Commonwealth v. Klein***, 795 A.2d 424, 427 (Pa. Super. 2002) (citation omitted). The mere possession of a shank prior to engaging in a fight does

not present actual danger. In the instant case, danger was not created until the fight began and, thus, Appellant's pre-fight possession of a shank fails to satisfy the necessary elements to prove REAP.

**Possessing an Instrument of Crime**

We next analyze Appellant's conviction for PIC. Appellant once again avers that the Commonwealth failed to disprove that Appellant acted in self-defense, and argues that this negates Appellant's criminal liability for the PIC charge. Appellant's Brief at 8.

To sustain a conviction for PIC, the Commonwealth had to prove that Appellant 1) possessed an instrument of crime, 2) with intent to employ it criminally. *See* 18 Pa.C.S. § 907(a). Under the statute, an "instrument of crime" is defined, in pertinent part, as "[a]nything specially made or specially adapted for criminal use." 18 Pa.C.S. § 907(d). While a fact-finder can infer intent from the surrounding circumstances, intent cannot be inferred from "mere possession of the weapon." *In re A.C.*, 763 A.2d 889, 891 (Pa. Super. 2000). Further, a fact-finder cannot reasonably infer criminal intent if a defendant used a weapon solely for self-defense. *Id.*; *see also Commonwealth v. Watson*, 431 A.2d 949, 953 (Pa. 1981) (holding that criminal intent could not be inferred from the circumstances surrounding appellant's possession of the gun which killed her husband because appellant, having acted in self-defense, never used that gun to commit a crime).

In its 1925(a) Opinion, the trial court does not focus on Appellant's use of the shank **during** the fight. Rather, the trial court considers the inherently criminal nature of Appellant's pre-fight possession of the shank in prison, regardless of whether he employed the shank during the fight. The trial court opines:

> In review of the evidence, it is absolutely clear that Appellant is guilty of [PIC]. First, Appellant possessed a homemade knife or "shank." Second, a shank in prison is inherently criminal and would be made for a criminal purpose. The very presence of such a weapon in a prison context is criminal. The possession of the weapon is a crime itself, and thus by merely possessing it you intend to use it criminally. You do not have a weapon in prison without the intent to use it criminally. The shank has no other purpose than to injure another. An actor's criminal purpose may be inferred from the circumstances surrounding the possession.

Trial Court Opinion, filed 3/22/16, at 5.

A review of the record in the light most favorable to the Commonwealth, giving the Commonwealth all favorable inferences, supports the trial court's conclusion that Appellant's pre-fight possession of a shank in prison was sufficient evidence to convict Appellant of PIC. While a fact-finder cannot infer criminal intent from mere possession of a weapon, this is a unique set of circumstances where Appellant is incarcerated and there is no legal purpose to possess a weapon in prison. We agree with the trial court that possession of a weapon by a prisoner in prison is "inherently criminal" and that the trial court could infer Appellant's criminal intent from the surrounding circumstances, namely that Appellant was incarcerated and

possessed a weapon. *Id.* at 5; *see also In re A.C., supra* at 891. Accordingly, we find that the trial court did not abuse its discretion when it convicted Appellant of PIC.

In conclusion, we reverse Appellant's conviction for REAP. Because vacating Appellant's sentence for REAP may disrupt the trial court's overall sentencing scheme, we vacate his Judgment of Sentence in its entirety and remand for resentencing. *See Commonwealth v. Barton-Martin*, 5 A.3d 363, 370 (Pa. Super. 2010) (providing that where vacating a sentence disrupts a trial court's overall sentencing scheme, this Court will remand to the trial court for resentencing).

Conviction for REAP reversed; conviction for PIC affirmed. Judgment of Sentence vacated. Matter remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/2017