J-S67038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARTIN KLEIBER | : | |
| | : | |
| Appellant | : | No. 1423 EDA 2017 |

Appeal from the Judgment of Sentence March 20, 2017
In the Court of Common Pleas of Chester County
Criminal Division at No(s):  CP-15-CR-0001971-2016

BEFORE:   GANTMAN, P.J., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY GANTMAN, P.J.:                **FILED OCTOBER 24, 2017**

Appellant, Martin Kleiber, appeals from the judgment of sentence entered in the Chester County Court of Common Pleas, following his jury trial convictions for possessing instruments of crime ("PIC"), terroristic threats, and simple assault, and his bench trial conviction for harassment.[1] We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. On May 6, 2016, Appellant stood behind his mother on the stairs of her house and racked the slide of a gun, which produced a sound similar to a firearm readied to fire.  The next day, Appellant's mother felt panicked and went to her daughter's house.  Her daughter called police, which resulted in

_____

[1] 18 Pa.C.S.A. §§ 907(a), 2706(a)(1), 2701(a)(3), 2709(a)(1), respectively.

_____

*   Former Justice specially assigned to the Superior Court.

Appellant's arrest. Appellant and his mother had a history of incidents prior to this occasion. Appellant had made statements to his mother that he occasionally became so angry he wanted to go into a tower and shoot people at random. Appellant stated his pain medication did not work so he considered opening a "meth lab" in his mother's basement, which could explode and destroy the house and possibly the whole neighborhood. Appellant's mother told Appellant she did not want him living in the house if he owned guns, and Appellant responded by coming downstairs with three guns on his person. During an argument with his mother in her bedroom, Appellant became angry and pointed a gun out the window toward a group of people on the street. Finally, Appellant told his mother if she called the police, there would be bullet holes in her walls.

On January 19, 2017, a jury convicted Appellant of terroristic threats, simple assault, and PIC. The court convicted Appellant of harassment that same day. The court sentenced Appellant to an aggregate term of eleven and one-half to twenty-three months' imprisonment, plus five years' probation, on March 20, 2017. On March 29, 2017, Appellant timely filed a post-sentence motion, which the court denied the following day. Appellant timely filed a notice of appeal on April 27, 2017. On May 1, 2017, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Counsel filed a notice of intent to file an *Anders* statement, pursuant to Pa.R.A.P. 1925(c)(4), on May 22, 2017.

On July 25, 2017, counsel filed her *Anders* brief and motion to withdraw.

As a preliminary matter, appellate counsel seeks to withdraw her representation pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Commonwealth v. Santiago*, 602 Pa. 159, 978 A.2d 349 (2009). *Anders* and *Santiago* require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. *Santiago, supra* at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa.Super. 2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Palm*, 903 A.2d 1244, 1246 (Pa.Super. 2006) (quoting *Commonwealth v. Townsend*, 693 A.2d 980, 982 (Pa.Super. 1997)).

In *Santiago, supra*, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor **McClendon**[2] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
> * * *
>
> Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361.

Instantly, appellate counsel filed a petition for leave to withdraw. The petition states counsel performed a conscientious review of the record and concluded the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the withdrawal petition, the brief, and a letter explaining Appellant's right to proceed *pro se* or with new privately-retained counsel to raise any additional points Appellant deems worthy of this Court's attention.

---

2 **Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981).

In her **Anders** brief, counsel provides a summary of the facts and procedural history of the case. Counsel refers to facts in the record that might arguably support the issues raised on appeal and offers citations to relevant law. The brief also provides counsel's reasons for concluding that the appeal is frivolous. Thus, counsel has substantially complied with the requirements of **Anders** and **Santiago**.

Appellant has filed neither a *pro se* brief nor a counseled brief with new privately-retained counsel; we will review the issues raised in the **Anders** brief:

> WAS [THE] PRESENTED EVIDENCE SUFFICIENT TO SHOW APPELLANT'S INTENT TO SUPPORT CONVICTIONS FOR: SIMPLE ASSAULT, 18 PA.C.S.A. § 2701(A)(3), TERRORISTIC THREATS, 18 PA.C.S.A. § 2706, AND POSSESSING INSTRUMENTS OF CRIME, 18 PA.C.S.A. § 907?
>
> WAS [THE] PRESENTED EVIDENCE SUFFICIENT TO PROVE SIMPLE ASSAULT, 18 PA.C.S.A. § 2701(A)(3), WITH REGARD TO CAUSING FEAR OF IMMINENT SERIOUS BODILY INJURY?

(**Anders** Brief at 4).

Our standard and scope of review in this case are as follows:

> When examining a challenge to the sufficiency of the evidence:
>
>> The standard we apply…is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In

addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

This standard is equally applicable in cases where the evidence is circumstantial, rather than direct, provided that the combination of evidence links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Orr*, 38 A.3d 868, 872-73 (Pa.Super. 2011) (*en banc*), *appeal denied*, 617 Pa. 637, 54 A.3d 348 (2012) (internal citations, quotation marks, and emphasis omitted).

Appellant argues the Commonwealth offered no evidence at trial to show the required specific intent to support his convictions for terroristic threats, simple assault, and PIC. Appellant contends he had no reason to threaten his mother, he did not intend to scare her, and he did not argue with her on May 6, 2016. Appellant clarifies that many of his statements were taken out of context. For example, Appellant maintains his statement about the meth lab was made sarcastically in response to frustration over his inability to manage his pain with prescribed medicine. Appellant explains

that his mother made him feel as if she wanted Appellant to go up in a tower and shoot people, not that he actually wanted to perform these actions. Appellant also makes clear that if his mother called police, they would shoot at the house expecting Appellant to be armed, not that he would put bullet holes in the house.

Appellant asserts his mother could not be in fear of serious bodily injury because she remained in the house after she heard Appellant rack his gun and left the residence only when her other son told her to leave. Additionally, Appellant's sister (with whom Appellant does not get along) called the police about Appellant, further showing his mother was not in fear of serious bodily injury. Appellant complains the Commonwealth presented insufficient evidence to sustain the convictions for simple assault, PIC, and terroristic threats. For the following reasons, we disagree.

When specific intent is an element of a crime, it must be the actor's conscious object to engage in conduct of that nature **or** to cause such result. 18 Pa.C.S.A. § 302(b)(1)(i). "Intent can be proven by circumstantial evidence and may be inferred from the defendant's conduct under the attendant circumstances." ***Commonwealth v. Reynolds***, 835 A.2d 720, 726 (Pa.Super. 2003).

The Pennsylvania Crimes Code defines simple assault, in relevant part, as:

### § 2701.  Simple assault

**(a)** **Offense defined.**—Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:

* * *

(3)    attempts by physical menace to put another in fear of imminent serious bodily injury;

18 Pa.C.S.A. § 2701(a)(3).  The specific elements that the Commonwealth must prove under this section are:

(1) that the defendant attempted to put the [victim] in fear of imminent serious bodily injury, and took a substantial step toward that end, (2) that the defendant used physical menace to do this, and (3) that it was the defendant's conscious object or purpose to cause fear of serious bodily injury.

*Commonwealth v. Little*, 614 A.2d 1146, 1151 (Pa.Super. 1992).  Serious bodily injury is a "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."  18 Pa.C.S.A. § 2301.

Possessing instruments of crime is defined as:

**§ 907.  Possessing instruments of crime**

**(a)** **Criminal instruments generally.**—A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally.

* * *

**(d)** **Definitions.**—As used in this section, the following words and phrases shall have the meanings given to them in this subsection:

* * *

**"Instrument of crime."** Any of the following:

(1) Anything specially made or specially adapted for criminal use.

(2) Anything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have.

18 Pa.C.S.A. § 907. For purposes of Section 907, the Commonwealth must prove: (1) the accused's possession of an object that is an instrument of crime, and (2) the accused's intent to use the object for a criminal purpose. *In re A.C.*, 763 A.2d 889, 890 (Pa.Super. 2000).

Lastly, the crime of terroristic threats is defined as:

**§ 2706. Terroristic threats**

**(a)** **Offense defined.**—A person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to:

(1) commit any crime of violence with **intent** to terrorize another[.]

18 Pa.C.S.A. § 2706(a)(1) (emphasis added). "Neither the ability to carry out the threat, nor a belief by the person threatened that the threat will be carried out, is an element of the offense." *Reynolds, supra* at 730 (quoting *In re J.H.*, 797 A.2d 260, 262 (Pa.Super. 2002)). The statute seeks to prevent harm from the psychological distress that follows from an invasion of another's sense of personal security under the totality of the circumstances. *Reynolds, supra*.

In the instant case, Appellant stood behind his mother on the stairs of her house and racked the slide of his gun. This act produced a sound similar to a firearm readied to fire. Prior to this occasion, Appellant and his mother had several other incidents, including Appellant's statements to her about going up in a tower and shooting people, starting a "meth lab" that might destroy the neighborhood, and if Appellant's mother called police, there would be bullet holes in her walls. Appellant also carried guns on his person, after his mother told him she did not want firearms in the house; and during an argument with his mother, Appellant pointed a gun out the window toward a group of people on the street.

The Commonwealth presented sufficient evidence to support Appellant's convictions. Appellant's actions, specifically the gun-racking incident, show his intent to put his mother in fear of serious bodily injury. **See** 18 Pa.C.S.A. § 2701(a)(3); **Reynolds, supra** (finding sufficient evidence for simple assault by physical menace when defendant pointed gun at another person). Appellant possessed a firearm, which is an instrument of crime, and intended to use it to frighten his mother. **See** 18 Pa.C.S.A. § 907; **In re A.C., supra**. Appellant's threat to start a "meth lab," and his statement that calling the police would result in bullet holes in the walls, caused his mother psychological distress. **See** 18 Pa.C.S.A. § 2706(a)(1); **Reynolds, supra**. Appellant's mother did not immediately leave the house after Appellant racked his gun; however, she left the next day because she

felt panicked. Under the totality of the circumstances, Appellant's actions invaded his mother's sense of personal security. ***See Reynolds, supra***. Viewed in the light most favorable to the Commonwealth, there was sufficient evidence to find every element of Appellant's challenged convictions beyond a reasonable doubt. ***See Orr, supra***. Following our independent review of the record, we conclude the appeal is wholly frivolous. ***See Palm, supra***. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2017

- 11 -