J-S79009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: V.O., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: V.O., A MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 983 MDA 2018 |

Appeal from the Dispositional Order May 3, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-JV-0000007-2018

BEFORE:  SHOGAN, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                      **FILED APRIL 15, 2019**

Appellant, V.O., a minor, appeals from the dispositional order entered May 3, 2018, following her adjudication of delinquency.[1]  After careful review, we affirm.

This case stems from an incident that took place on December 9, 2017, at approximately 10:00 p.m., in Reading, Pennsylvania.  N.T., 4/5/18, at 6,

---

[1] In her notice of appeal, Appellant purports to appeal from the April 5, 2018 "adjudicatory/dispositional hearing order" finding that she had committed a delinquent act but deferring determination as to her delinquency; the May 3, 2018 dispositional order adjudicating Appellant delinquent; and the May 14, 2018 order denying her post-dispositional motion.  Notice of Appeal, 6/21/18, at 1.  "In juvenile proceedings, the final order from which a direct appeal may be taken is the order of disposition, entered after the juvenile is adjudicated delinquent." **In interest of P.S.**, 158 A.3d 643, 649 (Pa. Super. 2017).  Accordingly, Appellant's appeal properly lies from the order of disposition, which was entered on May 3, 2018.  We have amended the caption to reflect this date.

18, 39. On that evening, Appellant and two males went to the victim's house, where Appellant's older sister was living. *Id.* at 7-8, 44. Appellant and the victim began to argue because the victim did not want to wake Appellant's sister, per Appellant's request. *Id.* at 8, 45-46. Appellant left, only to return hours later with her parents and the two males. *Id.* at 9-10, 47.

Upon arrival, the parties began to argue and subsequently became involved in a physical altercation. N.T., 4/5/18, at 10, 47. During the altercation, the victim was stabbed twice. *Id.* at 13-15, 39. The victim was taken to the hospital and treated for his significant injuries. *Id.* at 12-13, 16. Reading police conducted an investigation. *Id.* at 40.

Appellant was subsequently charged with multiple offenses. The juvenile court summarized the procedural history of this case as follows:

> Following a hearing on April 5, 2018, this [c]ourt found that the juvenile committed the offense of Aggravated Assault[1], Simple Assault[2], Possessing Instruments of Crime[3], Recklessly Endangering Another Person[4], Harrassment[5], and Criminal Conspiracy[6]. On May 3, 2018, [Appellant] was adjudicated delinquent on the charges of Aggravated Assault and Possessing Instruments of Crime [("PIC")]. [Appellant] filed a Post Dispositional Motion [that was filed[2] and] denied on May 14, 2018.

---

[2] This post-dispositional motion was timely filed. A party may file post-dispositional motions no later than ten days after imposition of disposition. Pa.R.J.C.P. 620(B)(1). A timely post-dispositional motion tolls the appeal period; an untimely one does not. Pa.R.J.C.P. 620(B)(2)-(3). In this case, the tenth day after disposition was May 13, 2018, a Sunday. Therefore, Appellant had until Monday, May 14, 2018, to file her post-dispositional motion. *See* 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation).

<sup></sup>1 18 Pa.C.S.A. §2702(a)(4).
2 18 Pa.C.S.A. §2701(a)(1).
3 18 Pa.C.S.A. §907(a).
4 18 Pa.C.S.A. §2705.
5 18 Pa.C.S.A. §2709(a)(1).
6 18 Pa.C.S.A. §903(a)(1).

[Appellant] filed a notice of appeal on June 12, 2018.[3]

Juvenile Court Opinion, 9/12/18, at 1. Appellant and the juvenile court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issues:

Whether the Commonwealth presented sufficient evidence to prove beyond a reasonable doubt that Appellant caused or attempted to cause bodily injury with a deadly weapon[?]

Whether the Commonwealth presented sufficient evidence to prove beyond a reasonable doubt that Appellant possessed any instrument of crime with the intent to employ it criminally[?]

Whether the trial court abused its discretion when permitting a guilty verdict that was against the weight of the evidence, particularly a verdict that relied on testimonial evidence that lacked credibility[?]

Appellant's Brief at 10.

We begin by noting our well-settled standard of review:

The Juvenile Act grants juvenile courts broad discretion when determining an appropriate disposition. In addition, a petition alleging that a child is delinquent must be disposed of in accordance with the Juvenile Act. Dispositions which are not set forth in the Act are beyond the power of the juvenile court. We

_____

3 The certified record reflects that the notice of appeal was filed on June 13, 2018. Nevertheless, the appeal is timely.

will disturb a juvenile court's disposition only upon a showing of a manifest abuse of discretion.

*In re C.A.G.*, 89 A.3d 704, 709 (Pa. Super. 2014) (internal citations and quotation marks omitted).

Appellant's first and second issues challenge the sufficiency of the evidence supporting her adjudications for aggravated assault and possession of an instrument of crime ("PIC"). When examining a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we consider the following:

> When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof beyond a reasonable doubt. When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth. In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.

> The facts and circumstances established by the Commonwealth need not be absolutely incompatible with a defendant's innocence. Questions of doubt are for the hearing judge, unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth. The finder of fact is free to believe some, all, or none of the evidence presented.

*In Interest of J.G.*, 145 A.3d 1179, 1188 (Pa. Super. 2016) (internal citations omitted).

Appellant first challenges her adjudication of aggravated assault. Appellant's Brief at 17. We note the inconsistencies in Appellant's argument. Appellant maintains that "there is insufficient evidence to show that Appellant attempted to cause or intentionally or knowingly caused **serious bodily injury** with a deadly weapon for one count of aggravated assault pursuant to 18 Pa.C.S.A. § 2702(a)(4)." Appellant's Brief at 159 (emphasis added). Inexplicably, Appellant then posits: "The evidence on record fails to prove beyond a reasonable doubt that Appellant was the individual who committed serious harm or caused bodily harm with a deadly weapon to [the victim]. Rather, the circumstances better characterize that Appellant only caused bodily injury pursuant to 18 Pa.C.S.A. § 2701(a)(1).[4]" *Id.* at 17. Appellant further argues that the evidence did not establish that she "caused or attempted to cause bodily injury[5] with a deadly weapon." *Id.* at 18. In support of her argument, Appellant maintains that there was no direct evidence introduced at the hearing establishing that Appellant stabbed the victim, and the Commonwealth relied solely on circumstantial evidence. *Id.* at 20-25.

---

[4] 18 Pa.C.S. § 2701(a)(1) defines the offense of simple assault.

[5] Appellant appears to conflate the statutorily defined terms of "serious bodily injury" and "bodily injury".

Aggravated assault is defined, in relevant part, as follows: "A person is guilty of aggravated assault if he: . . . attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon[.]" 18 Pa.C.S. § 2702(a)(4). "Bodily injury" is defined as "[i]mpairment of physical condition or substantial pain."[6] 18 Pa.C.S. § 2301.

A "deadly weapon" is defined as:

[a]ny firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or serious bodily injury, or any other device or instrumentality which, in the manner in which it is used or intended to be used, is calculated or likely to produce death or serious bodily injury.

18 Pa.C.S. § 2301. Our Court has stated: "The definition of deadly weapon does not demand that the person in control of the object intended to injure or kill the victim. Instead, it gives objects deadly weapon status on the basis of their use under the circumstances." *Commonwealth v. Scullin*, 607 A.2d 750, 753 (Pa. Super. 1992); *see also*, *Commonwealth v. Raybuck*, 915 A.2d 125, 129 (Pa. Super. 2006) ("An object can attain deadly weapon status based on its use under the circumstances of the particular crime.").

In addressing this issue, the juvenile court provided the following analysis:

In this case, the testimony provided at the hearing from the victim was clear. The victim testified that he was stabbed in the back during an altercation with another family. At the time of his

_____

[6] Thus, the Commonwealth need not establish that Appellant caused "serious bodily injury," despite Appellant's assertion to the contrary. Appellant's Brief at 15.

injury, he was fighting with [Appellant's] father. The victim testified that [Appellant's] father was in front of him, and the only person behind him was [Appellant]. The victim felt that he had been stabbed in the back, and when he looked behind him, he saw [Appellant] standing approximately one to two feet behind him. He testified that she was the only person behind him.

As described above, the testimony presented at the hearing established that the Commonwealth met its burden through the testimony of the victim. As the Commonwealth may sustain its burden solely by using circumstantial evidence, the evidence showed that the victim had been stabbed in the back, [Appellant] was right behind the victim immediately after he had been stabbed, and no one else was behind him. Therefore, in considering the evidence presented and the reasonable inferences that could be drawn therefrom, the [c]ourt finds that there was sufficient evidence presented to support [Appellant's] Aggravated Assault [conviction].

Juvenile Court Opinion, 7/30/18, at 3.

Review of the record reflects that the juvenile court's summary accurately reflects the testimony presented at the hearing.[7] Thus, viewing the evidence in the light most favorable to the Commonwealth, we agree that there was sufficient evidence to establish that Appellant was the individual who stabbed the victim. **In Interest of J.G.**, 145 A.3d at 1188. While no witness testified to seeing Appellant stab the victim, the Commonwealth can carry its burden through circumstantial evidence. **Id.** Furthermore, the

_____

[7] We further note that Brenda Guzman, the victim's girlfriend who was also involved in the altercation, testified that during the altercation involving the victim and Appellant she did not see Appellant stab the victim, but saw something "black" in Appellant's hand, although she could not identify it. N.T., 4/5/18, at 30.

Commonwealth has established that Appellant caused the victim bodily injury with a deadly weapon, again through circumstantial evidence.[8] Accordingly, we agree with the juvenile court's conclusion that there was sufficient evidence establishing Appellant's adjudication of aggravated assault.

Appellant next challenges her adjudication of PIC. Appellant's Brief at 26. Appellant again argues that the Commonwealth has only circumstantial evidence supporting this adjudication. *Id.* Appellant maintains that "there is the strong possibility that the knife was possessed by another co-defendant." *Id.* at 28. Appellant asserts that testimony regarding a knife provided by another witness allows for reasonable doubt, and therefore, the Commonwealth has failed to establish Appellant's possession of it. *Id.* at 28.

> A juvenile may be adjudicated delinquent of possessing an instrument of crime (PIC) if "he possesses any instrument of crime with intent to employ it criminally." 18 Pa.C.S.A. § 907(a). As a result, the Commonwealth has the burden of proving two elements: (1) possession of an object that is an instrument of crime and (2) intent to use the object for a criminal purpose. In re A.C., 763 A.2d 889, 890 (Pa.Super.2000). The Crimes Code defines an "instrument of crime" as "(1) [a]nything specially made or specially adapted for criminal use [or] (2) [a]nything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." 18 Pa.C.S.A. § 907.

*In re A.V.*, 48 A.3d 1251, 1253 (Pa. Super. 2012).

---

[8] The evidence supports the conclusion that Appellant used a device or instrumentality in a manner calculated to produce death or serious bodily injury. 18 Pa.C.S. § 2301.

Based on the evidence discussed previously, we conclude, viewing the evidence in the light most favorable to the Commonwealth, that there was sufficient evidence to establish Appellant's adjudication of possessing an instrument of crime. The device Appellant used to stab the victim constituted an instrument of crime as it was used for a criminal purpose. The evidence further established that Appellant possessed it with intent to employ it criminally when she stabbed the victim. 18 Pa.C.S. § 907(a). Thus, Appellant's challenge to the sufficiency of the evidence supporting the adjudication for PIC fails.

Appellant next argues that the adjudications of aggravated assault and PIC were against the weight of the evidence. Appellant's Brief at 29. Appellant maintains that the prosecution's evidence supporting these adjudications consisted solely of inconsistent testimony from the victim. *Id.* at 30-32. Accordingly, Appellant contends that greater weight should be placed on the testimony of other witnesses whose testimony she deems to be consistent. *Id.* at 32.

Our standard of review is as follows: "This Court applies the same standard for reviewing weight of the evidence claims in juvenile cases as those involving adults. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court." ***In the Interest of J.G.***, 145 A.3d at 1187 (internal citations and quotations omitted).

> We may only reverse the juvenile court's adjudication of delinquency if it is so contrary to the evidence as to shock one's

sense of justice. Moreover, where the court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the juvenile court palpably abused its discretion in ruling on the weight claim.

Hence, a juvenile court's denial of a weight claim is the least assailable of its rulings. Conflicts in the evidence and contradictions in the testimony of any witnesses are for the fact finder to resolve....

*In re J.M.*, 89 A.3d 688, 692 (Pa. Super. 2014)

Herein, the juvenile court made the following determination:

This [c]ourt, as the trier of fact, had the right to weigh the testimony of each witness and determine which evidence it found credible. In this case, the [c]ourt found the testimony of the victim to be credible. The [c]ourt stated that "he was very clear as to who inflicted which wound, so the [c]ourt had no problem finding [the victim's] testimony credible." Further, the [c]ourt found the testimony of the juvenile to be incredible, due to her statement that she was unaware that the victim had been stabbed, when the evidence showed that the victim was "in a serious condition." Therefore, the verdict of the [c]ourt was not against the weight of the evidence. As stated in court:

[The victim's] testimony was clear. It was the strongest circumstantial case for a finding on aggravated assault, that, you know, this Court has seen in quite a while. [Appellant] was the only one standing immediately within inches of him on the left side. Immediately upon feeling pain in his left shoulder he glanced over his left shoulder, saw [Appellant] was the only one standing in that close proximity to him. And he was very clear as to who inflicted which wound. So [the c]ourt had no problem fin[d]ing [the victim's] testimony credible.

[Appellant] did testify she ha[d] no idea that [the victim] was stabbed at all even though he was clearly stabbed twice an[d] in very serious condition according to himself and the officer. So I find that her

- 10 -

testimony in fact was incredible given her version of
the events.

Juvenile Court Opinion, 7/30/18, at 4-5 (internal citations omitted).

After review, we conclude that the juvenile court did not abuse its discretion in considering and weighing the evidence presented at the hearing. Any contradictions in the testimony was for the juvenile court, as fact finder, to resolve. *In re J.M.*, 89 A.3d at 692. The juvenile court's adjudication is not so contrary to the evidence as to shock one's sense of justice. *Id.* We, therefore, cannot conclude that the juvenile court palpably abused its discretion by rejecting Appellant's weight-of-the-evidence claim. Appellant's final issue warrants no relief.

Dispositional order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/15/2019