J-S05027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TERRENCE LEWIS | : | |
| | : | |
| Appellant | : | No. 1216 EDA 2020 |

Appeal from the Judgment of Sentence Entered January 16, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003857-2019

BEFORE:  BOWES, J., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, J.:                    Filed: May 13, 2021

Terrence Lewis appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County after a jury convicted him of aggravated assault[1] and possession of an instrument of crime (PIC).[2]  On appeal, Lewis challenges the sufficiency of the evidence with respect to both convictions, arguing that Commonwealth failed to disprove self-defense beyond a reasonable doubt.  After careful review, we affirm.

The trial court summarized the evidence presented at trial, as follows:

> Defendant Terrence Lewis [(Lewis)] is the father of Complainant Tyrell Lewis [(Tyrell)], and the two had a history of a strained relationship.  On May 3rd, 2019, following his workday, Tyrell was picking up his children from his grandmother's house[,] where his mother, Latonya Lloyd, had been babysitting them.  [Tyrell] arrived at his grandmother's house a little after 10:00 p.m.

---

[1] 18 Pa.C.S.A. § 2702(a)(1).

[2] 18 Pa.C.S.A. § 907(a).

[Lewis] was leaving the house as [Tyrell] arrived and bumped into Tyrell's shoulder. [Tyrell] then observed a phone call between his mother and father. Ms. Lloyd called to ask where [Lewis] was going, and [Lewis] replied, "F--- you, you know where I live at, bitch." [Tyrell] drove his mother to the bus stop, where they believed [Lewis] to be, to confront him for being disrespectful to his mother.

Once [Tyrell] and his mother arrived at the bus stop on 48th and Fairmount Street, [Tyrell] and [Lewis] began to argue. [Tyrell] then stood in front of [Lewis] with his arms crossed over his chest, intending to verbally address [Lewis'] disrespectful behavior towards his mother. Before [Tyrell] could begin to speak, [Lewis] cut [Tyrell's] throat from his left ear to his right ear with a box cutter, saying "f--- you n----, you shouldn't have walked up on me." After the attack, blood was "gushing everywhere" from [Tyrell's] neck.[3] [Tyrell] was transported to Presbyterian Hospital where he underwent surgery requiring over 20 stitches. As a result of the extensive stitching, [Tyrell] developed painful keloid scars.

Trial Court Opinion, 9/9/20, at 1-2 (citations omitted).

Following conviction, the Honorable Mia Roberts Perez sentenced Lewis

to a term of imprisonment of five to ten years, followed by three years'

_____

[3] Philadelphia Police Officer Jonathan Dedos and his partner were first to arrive; Officer Dedos described the scene as follows:

[Tyrell] had his hands around his neck. There was a lot of blood coming down. There was blood on his chest. He was holding a white T-shirt that was filled with blood. We ran to him to quickly render aid. That's when I told him to let me see how bad the severity of his cut was, and he was cut from ear and ear. And when he lifted his neck up, you could see the blood just coming out. I told him to keep pressure at his neck. The medics were there within one minute or so, and they were able to render aid and transport him. []The visible injury was a large laceration under the chin from, in the neck area, from ear to ear.

N.T. Jury Trial, 11/6/19, at 83-84, 95.

probation. Lewis filed a timely post-sentence motion, which was denied, followed by this timely appeal. Both Lewis and Judge Perez complied with Pa.R.A.P. 1925. Lewis raises one issue for our review: Whether the evidence was sufficient to support the verdict of guilty on both charges where the Commonwealth failed to disprove self-defense beyond a reasonable doubt. Appellant's Brief, at 3.

Lewis argues that he was legally justified in using force to protect himself. He contends that Tyrell, who was 29 years old, was bigger and stronger than Lewis, had been drinking alcohol,[4] and was obviously angry about Lewis' prior interaction with Tyrell's mother. Lewis claims that Tyrell "folded his arms at the same moment that [Lewis] pulled out a knife and swung, cutting [Tyrell's] neck." Appellant's Brief, at 7. He claims that due to Tyrell's "violent threats, escalating rage, and refusal to be restrained," he "reasonably believed in that moment that he was in danger of death or serious bodily harm." *Id.* Thus, Lewis contends, the Commonwealth failed to meet its burden of disproving beyond a reasonable doubt that Lewis' belief was reasonable. *Id.* at 7-8.

Our standard and scope of review are well settled.

---

[4] Tyrell admitted that he had a drinking problem. *See* N.T. Jury Trial, 11/6/19, at 51. He acknowledged that he had been drinking the day of the incident, and that he had had "one or two drinks" of vodka after work that day. *Id.* at 50. He also acknowledged that he had been drinking since he was 15 or 16 years old, and that he does not "feel drunk anymore[;] it doesn't have that [e]ffect on me anymore." *Id.* at 51.

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated, and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Fabian*, 60 A.3d 146, 150-151 (Pa. Super. 2013) (citation omitted). *See also Commonwealth v. Hill*, 210 A.3d 1104, 1112 (Pa. Super. 2019).

A person is guilty of aggravated assault if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1). To convict an individual of PIC, "the Commonwealth has the burden of proving two elements: (1) possession of an object that is an instrument of crime and (2) intent to use the object for a criminal purpose." *In the Interest of A.V.*, 48 A.3d 1251, 1253 (Pa. Super. 2012); *see also* 18 Pa.C.S.A. § 907(a). "[T]he actor's criminal purpose . . . provides the touchstone of his liability" for the PIC offense, and "[s]uch

- 4 -

purpose may be inferred from the circumstances surrounding the possession."

*Commonwealth v. Andrews*, 768 A.2d 309, 317-18 (Pa. 2001) (citation omitted). Criminal intent to support a PIC conviction cannot be inferred where the defendant used the instrument solely for self-defense. *In the Interest of A.C.*, 763 A.2d 889, 891 (Pa. Super. 2000); *see also Commonwealth v. Watson*, 431 A.2d 949, 953 (Pa. 1981).

With respect to Lewis' argument that the Commonwealth failed to disprove self-defense beyond a reasonable doubt, we note the following:

> [A] claim of self-defense (or justification, to use the term employed in the Crimes Code) requires evidence establishing three elements: (a) [that the defendant] reasonably believed that he was in imminent danger of death or serious bodily injury and that it was necessary to use deadly force against the victim to prevent such harm; (b) that the defendant was free from fault in provoking the difficulty which culminated in the slaying; and (c) that the [defendant] did not violate any duty to retreat. Although the defendant has no burden to prove self-defense [] before the defense is properly in issue, there must be some evidence, from whatever source, to justify such a finding. Once the question is properly raised, the burden is upon the Commonwealth to prove beyond a reasonable doubt that the defendant was not acting in self-defense. The Commonwealth sustains that burden of negation if it proves any of the following: **[1] that the slayer was not free from fault in provoking or continuing the difficulty which resulted in the slaying; [2] that the [actor] did not reasonably believe that [he] was in imminent danger of death or great bodily harm, and that it was necessary to kill in order to save [him]self therefrom; or [3] that the [actor] violated a duty to retreat or avoid the danger**.

*Commonwealth v. Mouzon*, 53 A.3d 738, 740-741 (Pa. 2012) (internal quotation marks, citations and footnote omitted) (emphasis added). *See also*

18 Pa.C.S.A. § 505.[5] "If the Commonwealth establishes any one of these

three elements beyond a reasonable doubt, then the conviction is insulated

_____

[5] The Pennsylvania Crimes Code governs self-defense in relevant part as follows:

§ 505. Use of force in self-protection

(a) Use of force justifiable for protection of the person.—The use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion.

(b) Limitations on justifying necessity for use of force.—

\* \* \*

(2) The use of deadly force is not justifiable under this section unless the actor believes that such force is necessary to protect himself against death, serious bodily injury, kidnapping or sexual intercourse compelled by force or threat; nor is it justifiable if:

(i) the actor, with the intent of causing death or serious bodily injury, provoked the use of force against himself in the same encounter; or

(ii) the actor knows that he can avoid the necessity of using such force with complete safety by retreating.

\* \* \*

(2.3) An actor who is not engaged in a criminal activity, who is not in illegal possession of a firearm and who is attacked in any place where the actor would have a duty to retreat under paragraph (2)(ii) has no duty to retreat and has the right to stand his ground and use force, including deadly force, if:

(i) the actor has a right to be in the place where he was attacked;

*(Footnote Continued Next Page)*

from a defense challenge to the sufficiency of evidence where self-protection is at issue." ***Commonwealth v. Burns***, 765 A.2d 1144, 1149 (Pa. Super. 2000) (citation omitted).

Applying these principles to the facts before us, the Commonwealth could disprove Lewis' defense of self-defense by showing, (1) that Lewis did not reasonably believe that it was necessary to use force in order to protect himself from death, or serious bodily harm, or that in slicing Tyrell's throat from ear to ear, Lewis used more force than was necessary to save himself

---

> (ii) the actor believes it is immediately necessary to do so to protect himself against death, serious bodily injury, kidnapping or sexual intercourse by force or threat; and
>
> (iii) the person against whom the force is used displays or otherwise uses:
>
>> (A) a firearm or replica of a firearm as defined in 42 Pa.C.S.A. § 9712 (relating to sentences for offenses committed with firearms); or
>>
>> (B) any other weapon readily or apparently capable of lethal use.

18 Pa.C.S.A. § 505(a)-(b) (emphasis added). The defendant has no "burden to prove" his self-defense claim. ***Commonwealth v. Torres***, 766 A.2d 342, 345 (Pa. 2001). "If there is any evidence that will support the claim, then the issue is properly before the fact finder." ***Id.*** (internal citations omitted). Once the defendant has introduced evidence which could support a finding of self-defense, appellate review of the sufficiency of the Commonwealth's evidence to disprove self-defense is conducted in the same manner as is a normal challenge to sufficiency of the evidence. That is, "the appellate court must view all the evidence in the light most favorable to the verdict winner, giving that party the benefit of all reasonable inferences to be drawn therefrom." ***Id.*** at 344.

from death, great bodily harm or the commission of a felony; (2) that Lewis provoked the use of force; or (3) that Lewis had a duty to retreat and that retreat was possible with complete safety.

Lewis' assertion that the Commonwealth failed to disprove self-defense is based on a claim that he reasonably believed he was in danger of death or serious bodily injury. Appellant's Brief, at 7. Here, evidence did establish that Tyrell had been drinking alcohol. However, the evidence, viewed in light most favorable to the Commonwealth, fails to establish that Lewis acted under a reasonable belief of imminent serious bodily injury or death. There was no evidence that Tyrell threatened Lewis or did anything other than cross his arms in front of Lewis. Tyrell was questioned on direct examination as follows:

> Q. When your arms were folded in front of you, did you say anything to your dad?
>
> A. I wasn't able to say anything. As soon as he got face to face, I folded my arms, and I was going to ask him, ["Why do you think you can keep disrespecting and hitting my mom and doing the things you've been doing to her[?"]] But before I could say anything, he cut my neck.
>
> Q. Did you see what with?
>
> A. No, ma'am.

N.T. Jury Trial, 11/6/19, at 43.

The requirement of reasonable belief encompasses two aspects, one subjective and one objective. *Mouzon*, 53 A.3d at 752. First, the defendant must have acted out of an honest, bona fide belief that he was in imminent danger, which involves consideration of the defendant's subjective state of

mind. Second, the defendant's belief that he needed to defend himself with deadly force, if it existed, must be reasonable in light of the facts as they appeared to the defendant, a consideration that involves an objective analysis. *Id.* As the *Mouzon* Court observed, the use of deadly force itself "cannot be viewed in isolation with [the victim] as the sole physical aggressor and [the defendant] acting in responsive self-defense. [T]his would be an incomplete and inaccurate view of the circumstances for self-defense purposes." *Id.* at 751. To claim self-defense, the defendant must be free from fault in provoking or escalating the altercation that led to the offense, before the defendant can be excused from using deadly force. *Id.* Likewise, the Commonwealth can negate a self-defense claim by proving the defendant "used more force than reasonably necessary to protect against death or serious bodily injury." *Commonwealth v. Truong*, 36 A.3d 592, 599 (Pa. Super. 2012) (en banc ).

Here, other than Tyrell's admission that he had been drinking and that he and father were both engaged in a verbal argument, there was no evidence presented that Lewis was confronted with immediate force or a deadly weapon, or suggested Lewis had a reasonable belief that he had to use deadly force in order to escape death or serious bodily harm from his son. Ultimately, the jury found Lewis' response in the situation to be inappropriate and that the use of a deadly weapon in the altercation was unreasonable. Based upon all of the evidence, the jury concluded that Lewis could not have reasonably believed that he was in imminent danger of serious bodily injury, in order to justify the use of a box cutter to Tyrell's throat, where there was no threat of

deadly force. **See** 18 Pa.C.S.A. §505(b)(3) ("[A] person employing protective force may estimate the necessity thereof under the circumstances as he believes them to be when the force is used."). As this Court has held, "such discretion includes not only the decision to use such force, but the level of force to employ, and the manner in which such force is utilized." **Commonwealth v. Fowlin**, 676 A.2d 665, 670 (Pa. Super. 1996). Tyrell's stance did not indicate any intent to use unlawful force, nor was any physical force initiated. Therefore, the Commonwealth satisfied its burden by establishing that Lewis did not reasonably believe that he was in danger of death or serious bodily injury. When the evidence favorable to the Commonwealth is examined, it is clear that there was sufficient evidence to disprove Lewis' theory of self-defense. **See Commonwealth v. Reynolds**, 835 A.2d 720, 731 (Pa. Super. 2003) (complainant can serve as witness to incident to refute self-defense claim).

After a thorough review of the record, and for the reasons stated above, we conclude that the Commonwealth presented sufficient evidence from which the jury could find Lewis' defense of justification overcome. As such, Lewis' challenge to the sufficiency of the evidence fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/13/21